UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENEE CURTO,** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION** |
| : | |
| vs. : | |
| : | No.: 17-cv |
| **HARTFORD LIFE AND ACCIDENT** : | |
| **INSURANCE COMPANY,** : | |
| : | |
| **Defendant.** : | |

The Plaintiff, RENEE CURTO ("CURTO"), by and through the undersigned counsel, hereby sues the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("THE HARTFORD") and alleges:

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. CURTO was at all times relevant a plan participant under the New Jersey

Funeral Directors Services, Inc. Long-term Disability Group Policy Number LTD-501 (the "Plan").[1]

3. Defendant, THE HARTFORD, is a Corporation with its principal place of business in the State of Connecticut. Upon information and belief, THE HARTFORD'S principal mailing address for purposes of effectuating service of process is 200 Hopmeadow Street, Simsbury, CT 06089

4. THE HARTFORD is the insurer of benefits under the Plan and acted in the capacity of a claims administrator. As the decision maker and payor of plan benefits, THE HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. The Plan is an employee welfare benefit plan regulated by ERISA, established by the New Jersey Funeral Directors Services, Inc's policy, under which CURTO was a participant, and pursuant to which CURTO is entitled to long-term disability benefits. Pursuant to the terms and conditions of the Plan, CURTO is entitled to disability benefits for the duration of the Plaintiff's long-term disability, for so long as CURTO remains disabled as required under the terms and conditions of the plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that THE HARTFORD is licensed to transact, and regularly conducts business within the Commonwealth of Pennsylvania.

---

[1] A copy of the Plan is attached hereto as Composite Exhibit "A."

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7. CURTO incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, CURTO was an employee or former employee of New Jersey Funeral Directors Services, Inc., and a plan participant under the terms and conditions of the Plan.

9. During the course of CURTO's employment, CURTO became entitled to benefits under the terms and conditions of the Plan. Specifically, while CURTO was covered under the Plan she suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her disabled as defined under the terms of the Plan.

10. As it relates to CURTO's current claim for benefits, the long-term disability coverage portion of the Plan defines disability as:

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
> 1) Your Occupation during the Elimination Period; and
> 2) Your Occupation following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings.
>
> If at the end of the Elimination Period, You are prevented from performing one or more of the Essential Duties of Your Occupation, but Your Current Monthly Earnings are greater than 80% of Your Pre-disability Earnings, Your Elimination Period will be extended for a total period of 12 months from the original date of Disability, or until such time as Your Current Monthly Earnings are less than 80% of Your Pre-disability Earnings, whichever occurs first. For the purposes of extending Your Elimination Period, Your Current Monthly Earnings will not include the pay You could have received for another job or a modified job if such job was offered to You by Your Employer, or another employer, and You refused the offer.

11. Due to restrictions and limitations arising from a physical "sickness", resulting in "disability" from her occupation as a Graphic Designer, CURTO made a claim to THE HARTFORD for benefits under the Plan beginning July 3, 2013; which followed the Plan's 180-day elimination period.

12. On or about February 14, 2017, THE HARTFORD initially notified

CURTO that it was terminating her claim for long-term disability benefits, effective February 14, 2017.

13. CURTO timely submitted her appeal of THE HARTFORD's adverse benefit determination.

14. On or about October 6, 2017, THE HARTFORD notified CURTO that it was denying her appeal for long-term disability benefits and thus informing CURTO that she has exhausted her administrative remedies under the Plan.

15. CURTO has fully complied with filing all mandatory administrative appeals required under the Plan, and exercised an administrative appeal of her long-term disability claim.

16. THE HARTFORD breached the Plan and violated ERISA in the following respects:

   a. Failing to pay long-term disability benefits to CURTO at a time when THE HARTFORD and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as CURTO was disabled and unable to work and therefore entitled to benefits.

   b. After CURTO's claim was terminated in whole or in part, THE HARTFORD failed to adequately describe to CURTO any additional material or information necessary for CURTO to perfect her claim along with an explanation of why such material is or was necessary.

   c. THE HARTFORD failed to properly and adequately investigate the merits of CURTO's disability claim and failed to provide a full and fair review of CURTO's claims.

17. CURTO believes and alleges that THE HARTFORD wrongfully terminated her claim for long-term disability benefits under the Plan, by other acts or omissions of which CURTO is presently unaware, but which may be discovered in this future litigation and which CURTO will immediately make THE HARTFORD aware of once said acts or omissions are discovered by CURTO.

18. As a proximate result of the aforementioned wrongful conduct of THE HARTFORD under the Plan, CURTO has damages for loss of disability benefits which continues through the present and is anticipated to continue into the foreseeable future.

19. As a further direct and proximate result of this improper determination regarding CURTO's claim for benefits, CURTO, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CURTO is entitled to have such fees and costs paid by THE HARTFORD.

20. The wrongful conduct of THE HARTFORD has created uncertainty where none should exist; therefore, CURTO is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the Plan.

## REQUEST FOR RELIEF

WHEREFORE, RENEE CURTO prays for relief against THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of long-term disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN, MOSS, SNYDER & BLEEFELD, LLP

Marc H. Snyder, Esquire
Kellyanne Inservo, Esquire
Attorneys for Plaintiff,
Renee Curto